**Eugene CHERRY, Plaintiff–Appellant,**

v.

**Gary R. MCCAUGHTRY, et al.,
Defendants–Appellees.**

No. 01–3421.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

Before Hon. COFFEY, Hon.
EASTERBROOK, and Hon. MANION,
Circuit Judges.

### ORDER

Inmate Eugene Cherry brought suit under 42 U.S.C. § 1983 against Wisconsin prison officials alleging that he was subjected to both prison discipline and criminal prosecution after a female guard fabricated sexual assault charges against him, and that his visitation privileges were restricted to retaliate for the alleged assault and to prevent an interracial marriage between Cherry and his non-inmate fiancée. The district court granted summary judgment in favor of the defendants on all claims, and Cherry appeals.

Cherry's brief focuses on his claims that he was the victim of malicious prosecution (his criminal trial for assaulting the prison guard ended in an acquittal) and that the defendants violated the Constitution by temporarily revoking his visiting privileges. But the grant of summary judgment on Cherry's malicious prosecution claim was proper because "malicious prosecution is not a federal constitutional tort as long as the state provides a remedy," see *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir.2002); *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir.2001), which Wisconsin does, see, e.g., *Strid v. Converse*, 111 Wis.2d 418, 331 N.W.2d 350 (Wis. 1983). Likewise, Cherry's temporary inability to visit his fiancée does not implicate a liberty interest, see *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (state-created liberty interests are generally limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the normal incidents of prison life"); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (due process clause does not independently protect an inmate's access to a particular visitor), and Cherry produced no evidence that the defendants imposed the visitation restriction for racial or retaliatory reasons rather than, as the defendants assert, because of the assault against the guard and other unrelated allegations of sexual misconduct. Cherry's final contention–that the district court improperly resolved a factual dispute in the defendants' favor by accepting the guard's version of the assault–finds no support in the district court's order.

AFFIRMED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).